IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO.: 1:21-cv-00564 |
| vs. | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| REAL PROPERTY LOCATED AT 100 MOUNTAIN VIEW DRIVE, MORELAND HILLS, OHIO CUYAHOGA COUNTY PERMANENT PARCEL NOS: 913-06-001, 913-06-005, et al., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION FOR LEAVE TO FILE CLAIMS UNDER SEAL AND FOR A PROTECTIVE ORDER LIMITING USE OF CLAIMS TO THIS MATTER AND INCORPORATED MEMORANDUM OF LAW

NOW COMES Eyton Senders, a putative claimant to defendant property in this matter, hereby moves for leave to file claims under seal and to seek a protective order limiting the use of any claims filed in this matter to the instant case, and in support states as follows:

1. Eyton Senders ("Mr. Senders") is a target of a federal criminal investigation.  In furtherance of the investigation, the United

States Food and Drug Administration (OCI), supported by other law enforcement officers, executed search warrants resulting in the seizure of assets named as defendant property in the above captioned case.

2. On or about March 10, 2021, the Government filed this civil asset forfeiture action naming property seized in the execution of the search warrants as well as additional real property.  The Government first provided notice to Mr. Senders of the filing of the Complaint in this action by an email sent on March 12, 2021, and then Mr. Senders received an official service copy on March 16, 2021.

3. Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, a claimant is required to file a verified claim within thirty-five (35) days of receipt of the complaint or potentially forfeit any interest in the property.

4. Mr. Senders seeks to file a claim for defendant property in his personal capacity, and also on behalf of certain Limited

Liability Corporations[1] for which he is the sole or managing member.  However, the filing of a claim to one or more of the named defendant property risks incrimination in the ongoing criminal investigation and a potential future criminal matter.

5. Under controlling law, Mr. Senders should not be compelled to choose between the exercise of his Fifth Amendment privilege against self-incrimination and the loss of his property.  For this reason, this Court should accommodate the competing interests of preserving Constitutional rights and the Government's interests in pursuing civil forfeiture by allowing the filing of the claims under seal and entering a protective order limiting the use of the claims filed to this case.

6. Mr. Senders has consulted with counsel for the Government, Henry F. Debaggis, who has represented that the Government does not oppose the entry of this protective order, without prejudice to the Government's right to move for a modification at a later date.

---

[1] Mr. Senders intends to file claims as a managing member for the following LLC entities (alleged in the Complaint to own defendant property): 100 Mountain View LLC, N. Laurel Property Holdings LLC, Corner Green LLC,  and ES Global Real Estate Holdings LLC.

## <u>MEMORANDUM OF LAW</u>

The Fifth Amendment protects against compulsory self-incrimination.  U.S. Const. amend. V ("no person…shall be compelled in any criminal case to be a witness against himself.").   The Fifth Amendment right against self-incrimination extends to civil litigation when there is a realistic risk of self-incrimination, *see Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973); *United States v. U.S. Currency*, 626 F. 2d 11, 14 (6th Cir. 1980).  In addition, the Fourth and Fifth Amendment and other laws protect as sacrosanct individual property rights.  *See e.g., United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 61 (1993).

The long-recognized "dilemma" for claimants in civil forfeiture cases is between exercising their right to remain silent and preserving their rights to property.  *See e.g., United States v. $250,000*, 808 F. 2d 895, 900-01 (1st Cir. 1987).  To contest the civil forfeiture, an owner must file a claim stating under penalty of perjury "the claimants interest in the property." Supplemental Rules G(5)(a)(i)(B).  But such a testimonial admission may subject the owner to prosecution,

4

particularly where, as here, Mr. Senders is alleged to have illegally obtained the property at issue. *See* Verified Complaint.

In short, Mr. Senders is now in a situation where to exercise one Constitutional right is to lose the other.  As the Sixth Circuit stated, "(c)learly, appellees should not be compelled to choose between the exercise of their Fifth Amendment privilege and the substantial sums of money which are the subject of this forfeiture proceeding." *U.S. Currency*, 626 F. 2d at 15. Indeed, "'the Supreme Court has disapproved of procedures which require a party to surrender one constitutional right in order to assert another.'" *Id*. at 14 (*quoting Wehling v. Columbia Broadcasting Sys.*, 608 F. 2d 1084, 1088 (5th Cir. 1979)).

In addition, the Government may not sanction an individual for asserting the Fifth Amendment privilege against self-incrimination. *Lefkowitz v. Cunningham*, 431 U.S. 801, 806 (1977).  The civil forfeiture provisions "sanction" owners who fail to timely file claims to property and is thus sufficient to offend the prohibition against sanctioning the exercise of the Fifth Amendment right.  *See U.S. Currency*, 626 F. 2d at 15.

While recognizing that "(t)here may be occasions when the constitutional privilege totally precludes effectuation of the statutory forfeiture," the Sixth Circuit has instructed that first "the courts must seek to accommodate both the constitutional right against self-incrimination as well as the legislative intent behind the forfeiture provision." *Id*. at 15-16.   Alternatives to accommodate the competing interests include a stay of the civil action pending resolution of any criminal issues, *Id*. at 17-18, and a protective order precluding the use of the claim as an admission against interest in a criminal matter.  *See United States v. Mendoza*, 487 F. Supp. 3d 1118, 1125 (D. N.M. 2020) (accommodating right against self-incrimination by entering order that claim forms may be submitted under seal and protected from disclosure in criminal proceeding.)

At this juncture, for the reasons set forth above, Mr.  Senders respectfully submits that a reasonable accommodation for the competing interests is to authorize the filing of the claims under seal and for the entry of a protective order precluding the use of the forms as evidence against him in a criminal prosecution.  The Government has been consulted and does not oppose the entry of a protective order

6

limiting the use of the claim forms to this action and thereby precluding the use of the claim forms in a criminal prosecution.[2]

WHEREFORE, for the foregoing reasons, Eyton Senders respectfully moves for leave to file claim forms in his individual capacity and on behalf of certain LLC entities (identified above) under seal, and for a protective order limiting the use of the claim forms to this civil forfeiture action and precluding its use against him in a criminal case.

Date: April 8, 2021                    Respectfully submitted,


                                       /S/  Edmund W. Searby_____
                                       Edmund W. Searby (OH 0067455)
                                       SEARBY LLP
                                       Suite 210N
                                       30195 Chagrin Blvd.
                                       Cleveland, Ohio 44124
                                       Tel: (216) 591-2613
                                       Mobile: (440) 384-2337
                                       Email: esearby@searby.law
                                       *Attorney for Eyton Senders*

---

[2] The Government and Mr. Senders reserve the right to move to vacate or modify the protective order at a later point in time.

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of  April 2021, I served a copy of this MOTION FOR LEAVE TO FILE CLAIMS UNDER SEAL AND FOR A PROTECTIVE ORDER LIMITING USE OF CLAIMS TO THIS MATTER AND INCORPORATED MEMORANDUM OF LAW via this Court's CM/ECF system, which will serve a copy on all counsel of record.


_____

Edmund W. Searby

8