# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **United States of America,** ) | **Civil Case No.:  1:21-CV-00564-CAB** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | |
| ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **Real Property Located at** ) | |
| **100 Mountain View Drive,** ) | |
| **Moreland Hills, Ohio,** ) | |
| **Cuyahoga County Permanent Parcel** ) | |
| **Nos: 913-06-001, 913-06-005, et al,** ) | |
| ) | |
| **Defendants.** ) | |

## SELECT HOMES OF NORTHEAST OHIO LTD'S MOTION TO INTERVENE

**NOW COMES** Select Homes of Northeast Ohio LTD ("Select Homes"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 24(a)(2), respectfully moves the Court for an Order, allowing Select Homes to intervene into this litigation.

Select Homes claims an interest relating to Defendant No. 1, the Real Property located at 100 Mountain View Drive, Moreland Hills, Ohio, Cuyahoga County Permanent Parcel Nos: 913-06-001 and 913-06-005 ("100 Mountain View").  Specifically, a perfected Mechanic's Lien in the amount of $473,582.00, filed of record on 100 Mountain View Drive.[1]  Select Homes'

---

[1] *See*:  November 20, 2020 recorded and perfected Affidavit for Mechanic's Lien, attached hereto as Exhibit "A".  Second in priority only to real estate taxes and Special Assessments, Select Homes' Mechanic's Lien has priority over any other liens or encumbrances at/on 100 Mountain View.

1

Exhibit "A" Mechanic's Lien is so situated, that disposing of this action will, as a practical matter, impair or impede Select Homes' ability to protect its interest.

Intervenor Select Homes' Complaint to Foreclose on its Mechanic's Lien is attached hereto as Exhibit "B", as required by Federal Rule of Civil Procedure 24(c).

The reasons which more fully support this Motion are as follows:

I. **FACTS**:

Select Homes is an Ohio Limited Liability Company, in good standing, bearing Entity No. 978171. Select Homes is a custom, high-end builder, with a large segment of its business being rehabilitation and modernization of high-end, luxury homes. On June 9, 2020, Select Homes entered into a written Construction Agreement with Eyton Senders, for a high-end, custom rebuild and rehabilitation of the luxury home at 100 Mountain View Drive, Moreland Hills, Ohio, 44022.[2]

Defendant No. 1, 100 Mountain View Drive, Moreland Hills, Ohio, 44022, is titled to 100 Mountain View LLC, an Ohio Limited Liability Company in good standing, bearing Entity No. 4424426. It is Select Homes' information and belief that 100 Mountain View LLC is controlled by Eyton Senders, and is a single purpose limited liability company, formed to hold title to 100 Mountain View, Moreland Hills, Ohio.

On September 22, 2020, federal agents executed a search warrant at 100 Mountain View. On that day, Select Homes had mobilized its high-end, rebuild and rehabilitation of the luxury home at 100 Mountain View, and had multiple subcontractors and tradesmen at work. The

---

[2] The main residence at 100 Mountain View is 13,700 sq. ft., and sits on a 15-acre parcel in Morland Hills, Ohio. The main residence has five (5) bedrooms with five (5) full bathrooms; two (2) half bathrooms; a sauna with a steam shower; two (2) laundry rooms; and, an attached four (4) car garage.

September 22, 2020 execution of the search warrant effectively shut down Select Homes' Construction Agreement with Eyton Senders. Federal agents allowed Select Homes and Select Homes' subcontractors and tradesmen to remove all of their tools and materials. Soon thereafter, Select Homes filed and perfected the Exhibit "A" Mechanic's Lien, in the amount of $473, 582.00.

This Motion seeks leave for Select Homes to intervene, and to thereafter file the attached Exhibit "B" Complaint to Foreclose Select Homes' Mechanic's Lien.

II. **LAW AND ARGUMENT**:

    A. **Select Homes Should Be Allowed Intervention As Of Right**

Federal Rule of Civil Procedure 24(a)(2) allows intervention of right, when an intervenor claims an interest relating to property that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest. It is suggested to the Court that no party to the Complaint in Forfeiture in this matter, will adequately represent Select Homes' interest. In full, F.R.Civ. P. 24(a)(2) states as follows:

> "Rule 24. Intervention
>
> (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who: …
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

It is further suggested to the Court that allowing Select Homes to foreclose on is Mechanic's Lien sooner, rather than later, will reduce the Government's *in-rem* interest in Defendant No. 1 100 Mountain View Drive, Moreland Hills, Ohio, and to cash, and that foreclosing on the Mechanic's Lien will relieve the Government of the expensive burdens of

maintaining a 15-acre parcel of real estate, with a 13,700 square foot luxury home in the middle of a rebuild and rehabilitation.

The structure at 100 Mountain View Drive has already suffered tremendous damage from not being properly winterized. Over the winter of 2020-2021, the watermain at 100 Mountain View froze, and burst during the winter thaw, resulting in an overwhelming amount of water intrusion at 100 Mountain View.[3] As the weather begins to warm from spring to summer, that recent and extensive water intrusion will result in overwhelming mold and mildew problems. The longer these untenable conditions are allowed to remain at 100 Mountain View, the more rapidly the value of that property will decline. Allowing Select Homes to foreclosure on its Mechanic's Lien now, is in the Government's best interest, to recover as much cash proceeds from the Mechanic's Lien Foreclosure, as is possible and practical.

1. This Court Has Subject Matter Jurisdiction Over The Exhibit "B" Intervenor's Complaint To Foreclose The Mechanic's Lien

A federal court has supplement jurisdiction over related claims that arise from the same core of operative facts that prompted the lawsuit over which the Court has jurisdiction. *Exact Software & Amd., Inc. v. DeMoisey*, 718 F.3d 353, 541, 2013 U.S. App. LEXIS 10384 **13 (6th Cir.).

> "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part

---

[3] This recent watermain break has damaged, and perhaps destroyed all or most of the hard wood flooring on the main level of the main residence, as well as the plywood sub-floors fastened to the concrete floor slab, the concrete floor slab also being damaged from the preventable water intrusion. To date, other than disconnecting the watermain, no remedial water intrusion work has been done. This will result in extreme mold and mildew issues throughout the main residence, resulting in a predictable, steady decline of the value of 100 Mountain View. As the main residence continues to rot and mold, the value of 100 Mountain View will continue to decrease.

of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. §1367(a). So long as a court has original jurisdiction over a civil action, §1367(a) provides a "broad grant of supplemental jurisdiction over other [related] claims." *Id*., citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

A proposed intervenor of right must meet four (4) criteria before intervention is permitted:

> "1) timeliness of the application to intervene;
>  2) the applicant's substantial legal interest in the case;
>  3) impairment of the applicant's ability to protect that interest in the   '
>     absence of intervention; and,
>  4) inadequate representation of that interest by parties already before the
>     court."

*Davis v. Lifetime Capital Inc.*, 560 F.Appx. 477 *489, 2014 U.S. App. LEXIS 5214 **33-34 (6th Cir.) citing *Grub v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989),[4] *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

Here, Select Homes' Motion for Intervention is timely; Select Homes' legal interest in Defendant No. 1 100 Mountain View Drive, Moreland Hills, Ohio is substantial; in the absence of intervention, Select Homes' ability to protect its interest in its perfected Mechanic's Lien is impaired as no parties originally named in the Complaint in Forfeiture (Doc. 1) will adequately represent the interest of Select Homes.

---

[4] *Grub v. Norris* set forth the four (4) prong test as follows:

> Thus, according to this court's opinion in *Triax Co. v. TRW Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984), the proposed intervenors must meet four criteria before intervention by right is permitted: (1) the application for intervention must be timely; (2) the applicant must have a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired; and (4) the present parties do not adequately represent the applicant's interest. The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied. *Id.*

Further delay in allowing Intervenor Select Homes to foreclose on its perfected Mechanic's Lien, will continue to dissipate and lessen the Government's financial interest in this real estate. The water intrusion damages set forth in Footnote 3 will continue to escalate, proportionately reducing the value of 100 Mountain View.

Currently, real estate taxes remain unpaid in the amount of $102,450.99.[5] Under the current circumstances, it is unlikely that the titled owner, 100 Mountain View LLC, will make any further real estate tax payments, increasing the disbursements to Cuyahoga County, proportionately decreasing the proceeds that should be paid to the Government, upon Select Homes' foreclosure of its perfected Mechanic's Lien.

Based on the foregoing, it is respectfully requested that this Honorable Court issue an Order, allowing Select Homes of Northeast Ohio LTD to intervene into this action, and thereafter allow Select Homes to foreclose on its perfected Mechanic's Lien, in accordance with the proposed Intervenor's Complaint attached hereto as Exhibit "B".

Respectfully submitted,

| | |
|---|---|
| /s/ Mitchell J. Yelsky | */s/ Marc E. Dann* |
| YELSKY & LONARDO, LLC | Marc E. Dann (0039425) |
| BY: MITCHELL J. YELSKY, ESQ. | Dann Law |
| Ohio Reg. No. 0039295 | P.O. Box 6031040 |
| 323 Lakeside Avenue, Suite 450 | Cleveland, OH 44103 |
| Cleveland, Ohio 44113 | Phone: (216) 373-0539 |
| (216) 781-2550 – phone | notices@dannlaw.com |
| (216) 781-6242 – telefax | |
| mjy@yelskylonardo.com – email | Co-Counsel for SELECT HOMES OF NORTHEAST OHIO LTD |
| Trial Counsel for SELECT HOMES OF NORTHEAST OHIO LTD | |

---

[5] *See*: Attached Exhibit "C", the current real estate bill for 100 Mountain View Drive, in the delinquent amount of $102,450.99.

6