IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:21-CV-0564 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| REAL PROPERTY LOCATED AT 100 MOUNTAIN VIEW DRIVE, MORELAND HILLS, OHIO, *etc. et al.*, | ) |
| Defendants. | ) |

**UNITED STATES' MOTION FOR A STAY**

NOW COMES plaintiff, the United States of America, by and through the undersigned counsel, and respectfully moves the Court, pursuant to 18 U.S.C. § 981(g)(1) [as incorporated by 21 U.S.C. § 881(i)], for a stay of this civil forfeiture proceeding.

To date, the following has transpired in this case:

- The United States filed the Complaint in Forfeiture (Doc. No. 1) on March 20, 2021.

- Claimant Eyton Senders, Corner Green LLC, 26 N. Laurel Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC and 100 Mountain View LLC filed Verified Claims (Doc. Nos. 5-10) on April 9, 2021, to the United States' Complaint in Forfeiture.

- Claimant Justin Balay filed a Verified Claim relating to the property defendant 806 N. Vista Street, Los Angeles, CA 90046 (Doc. 13) on May 5, 2021, to the United States' Complaint in Forfeiture.

- Claimant David Elliot Builders filed Verified Claims relating to the property defendants 952 N. Laurel Avenue, Los Angeles, CA 90046 and 806 N. Vista Street, Los Angeles, CA 90046 (Doc. 16) on May 11, 2021, to the United States' Complaint in Forfeiture.

By the instant motion, the United States respectfully moves the Court for a stay of this civil forfeiture proceeding pending the return of an indictment and resolution of the related criminal investigation. As set forth above, the United States filed the Complaint in Forfeiture (Dkt. No. 1) in this case on March 20, 2021. The illegal activities alleged in the complaint – concerning the claimants- are the subject of a related criminal investigation in this district. Particularly, in this regard, paragraph 7 of the complaint alleges as follows:

**DRUG TRAFFICKING OPERATION**

7. The Major Crimes Task Force (MCTF) is conducting an investigation of Eyton SENDERS, Justen BALAY and others who have been involved in an interstate drug trafficking and money laundering operation where they use common carriers to distribute marijuana and cannabis concentrates, such as THC vape cartridges, to customers and/or other co-conspirators. SENDERS and others have been identified as the owner/operators of Dank Vapes (DANK VAPES) and Dankwoods[1] which are the manufacturers and distributors of a popular brand of THC vape cartridges. In an effort to conceal their illegal activities and avoid detection by law enforcement, Senders and others used various residences, businesses, and vehicles to travel to various destinations to manufacture and supply drugs for their customers. It further appears that SENDERS and others have conducted complex financial transactions with the illicit drug

---

[1] An anonymous article titled, "Owners of Dank Vapes Exposed" was posted on 10/8/19 on the Instagram site "theblacklistxyz." In summary this article stated, "Owners of dank vapes consist of 3 people, all multi-millionaires in the Hollywood hills: Atom- Jewish kid, from Ohio . . . Zat- from Ohio . . . Powder- Jewish white kid, from Nebraska . . . None of them have social media or any kind of photos on the Internet . . . they are continuing to put poison oil on the streets, with: Dank Vapes, Mario Carts, Exotic carts, who are all friends that work together . . . Daniel Staub is the trademark holder for exotic carts. Possibly the owner too."

2

proceeds generated from their sales and disbursements. In an attempt to launder their illicit proceeds, SENDERS has utilized numerous third-parties to conceal the true source and nature of the funds. The DANK VAPES DTO is a multi-million-dollar organization thus there is a fervent attempt to layer the illicit proceeds through third party individuals and entities to make the monies appear legitimate.

18 U.S.C. § 981(g)(1) provides:

> (g)(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

As evidenced by the attached Affidavit of Assistant U.S. Attorney Henry F. DeBaggis (United States Attorney's Office for the Northern District of Ohio, Criminal Division), civil discovery in the instant civil forfeiture action would adversely affect the ability of the government to conduct the related criminal investigation. Particularly, a stay of the instant civil forfeiture action is necessary to protect the government's criminal investigation from the expansive scope of civil discovery. Civil discovery in the instant forfeiture action could compromise confidential law enforcement information (including, but not limited to, source information), as well as provide other improper opportunities for the claimant to prematurely ascertain the details of the government's criminal investigation.

**WHEREFORE**, the United States respectfully requests a stay of the instant civil forfeiture action. Should an indictment be returned against the claimants, the United States – in that event – would seek to stay the instant civil forfeiture action pending resolution of the criminal case. It is noted that the outcome of any criminal proceedings likely would determine the outcome of the instant case; namely, the forfeiture sought in the instant case would be litigated as part of the criminal case. A proposed order is attached.

                        Respectfully submitted,

                        BRIDGET M. BRENNAN
                        Acting United States Attorney
                        Northern District of Ohio

By:   /s/ Henry F. DeBaggis
       Henry F. DeBaggis (OH: 0007561)
       Assistant United States Attorney
       400 United States Court House
       801 West Superior Avenue
       Cleveland, Ohio 44113
       (216) 622-3749
       (216) 522-7499 fascimile
       Henry.DeBaggis@usdoj.gov

# AFFIDAVIT

I, Henry F. DeBaggis, being duly sworn state as follows:

1. I am an Assistant United States Attorney (AUSA) in the Criminal Division, U.S. Attorney's Office, Northern District of Ohio.

2. I have read and am familiar with the Complaint in Forfeiture filed in the Northern District of Ohio Case No. 1:21-CV-0564.

3. The illegal activities alleged in the Complaint in Forfeiture are the subject of a related criminal investigation in this district.

4. A stay of the civil forfeiture action is necessary to protect the government's criminal investigation from the expansive scope of civil discovery.

5. In the civil forfeiture action, civil discovery could compromise confidential law enforcement information (including, but not limited to, source information), as well as provide other improper opportunities for the claimants to prematurely ascertain the details of the government's criminal investigation.

_____
Henry F. DeBaggis
Assistant United States Attorney

Sworn to and subscribed in my presence this 17th day of May, 2021.

_____
Notary Public

EDWARD F. FERAN, Attorney
NOTARY PUBLIC – STATE OF
My commission has no expiration ____
Section 147.03 R.C.