IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cv-00564 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 100 | ) | |
| MOUNTAIN VIEW DRIVE, MORELAND | ) | |
| HILLS, OHIO, CUYAHOGA COUNTY | ) | **ANSWER OF CLAIMANT DAVID** |
| PERMANENT PARCEL NOS: 913-06-001, | ) | **ELLIOT BUILDERS, INC. TO** |
| 913-06-005, *et al.*, | ) | **PLAINTIFF'S COMPLAINT IN** |
| | ) | **FORFEITURE** |
| Defendants. | ) | |

Now comes the Claimant, David Elliot Builders, Inc. ("DEB"), through its undersigned counsel, and hereby submits this Answer, pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. For its Answer to Plaintiff's Complaint in Forfeiture [ECF #1], DEB hereby avers and states as follows:

**ANSWER**

1.     In response to Paragraph 1 of the Complaint, DEB admits Plaintiff's jurisdictional allegations.

2.     In response to Paragraph 2 of the Complaint, DEB denies the allegation that this Court has *in rem* jurisdiction over the subject defendant properties.  Further responding, DEB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 2 and, therefore, said allegations are denied.

3.      In response to Paragraph 3 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 and, therefore, said allegations are denied.

4.      In response to Paragraph 4 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 and, therefore, said allegations are denied.

5.      In response to Paragraph 5 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 and, therefore, said allegations are denied.

6.      In response to Paragraph 6 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 and, therefore, said allegations are denied.  However, with respect to the Defendant Properties identified in subsections (f) and (g) of Paragraph 6, DEB affirmatively avers that it possesses a legal interest in these Defendant Properties as asserted in DEB's Verified Claim [ECF #16].  The Defendant Properties identified in subsections (f) and (g) of Paragraph 6, to wit: Real Property Located at 952 N. Laurel Avenue, Los Angeles, California, 90046 and Real Property Located at 806 N. Vista Street, Los Angeles, California, 90046, will be referred to collectively hereinafter as the "Laurel and Vista Properties."

7.      In response to Paragraph 7 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 and, therefore, said allegation are denied.

8.      In response to Paragraph 8 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 and, therefore, said allegations are denied.

9.      In response to Paragraph 9 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 and, therefore, said allegations are denied.

10.      In response to Paragraph 10 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 and, therefore, said allegations are denied.

11.      In response to Paragraph 11 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 and, therefore, said allegations are denied.

12.      In response to Paragraph 12 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 and, therefore, said allegations are denied.

13.      In response to Paragraph 13 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 and, therefore, said allegations are denied.

14.      In response to Paragraph 14 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 and, therefore, said allegations are denied.

15.     In response to Paragraph 15 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 and, therefore, said allegations are denied.

16.     In response to Paragraph 16 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 and, therefore, said allegations are denied.

17.     In response to Paragraph 17 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 and, therefore, said allegations are denied.

18.     In response to Paragraph 18 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 and, therefore, said allegations are denied.

19.     In response to Paragraph 19 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19 and, therefore, said allegations are denied.

20.     In response to Paragraph 20 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 and, therefore, said allegations are denied.

21.     In response to Paragraph 21 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 and, therefore, said allegations are denied.

22.     In response to Paragraph 22 of the Complaint, DEB admits that, on or about September 4, 2019 and on or about October 7, 2019, DEB received two transfers to its bank account

each in the amount of $150,000.  DEB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 22 and, therefore, said allegations are denied.

23.     In response to Paragraph 23 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 and, therefore, said allegations are denied.

24.     In response to Paragraph 24 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 and, therefore, said allegations are denied.

25.     In response to Paragraph 25 of the Complaint, DEB admits that, on or about September 13, 2019, DEB received a transfer to its bank account in the amount of $150,000.  DEB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 25 and, therefore, said allegations are denied.

26.     In response to Paragraph 26 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 and, therefore, said allegations are denied.

27.     In response to Paragraph 27 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 and, therefore, said allegations are denied.

28.     In response to Paragraph 28 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 and, therefore, said allegations are denied.

29.     In response to Paragraph 29 of the Complaint, DEB admits that the property located at 806 N. Vista Avenue, Los Angeles, CA was purchased for $1.9 million by 806 N. Vista Ave. LLC and the seller was Exchange Resources, Inc. DEB further admits that a representative of DEB corresponded with an escrow officer of Granite Escrow & Settlement Services.  DEB further admits that it wired earnest money in the amount of $57,000 to Granite Escrow & Settlement Services on or about May 14, 2019 and that the real estate transaction closed on or about June 14, 2019.  DEB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 29 of the Complaint and, therefore, said allegations are denied.

30.     In response to Paragraph 30 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 30 and, therefore, said allegations are denied.

31.     In response to Paragraph 31 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 and, therefore, said allegations are denied.

32.     In response to Paragraph 32 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 and, therefore, said allegations are denied.

33.     In response to Paragraph 33 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 and, therefore, said allegations are denied.

34.     In response to Paragraph 34 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 and, therefore, said allegations are denied.

35.     In response to Paragraph 35 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 and, therefore, said allegations are denied.

36.     In response to Paragraph 36 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 36 and, therefore, said allegations are denied.

37.     In response to Paragraph 37 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 and, therefore, said allegations are denied.

38.     In response to Paragraph 38 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 and, therefore, said allegations are denied.

39.     In response to Paragraph 39 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 and, therefore, said allegations are denied.

40.     In response to Paragraph 40 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 and, therefore, said allegations are denied.

41.     In response to Paragraph 41 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 and, therefore, said allegations are denied.

42.     In response to Paragraph 42 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 and, therefore, said allegations are denied.

43.     In response to Paragraph 43 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 and, therefore, said allegations are denied.

44.     In response to Paragraph 44 of the Complaint, DEB admits that it was incorporated in 2016 and that the company has maintained a business bank account at Banner Bank that was opened in or around October 2018.  DEB further admits that it received funds in the amount of $300,000 in or about September 2019 from entities identified as N. Laurel Properties LLC and 806 N. Vista LLC. DEB further admits that it remitted $57,000 as a down payment for the North Vista Property and was involved in the purchase transaction of the N. Vista property.  DEB denies the allegation that its physical address is a Box & Mail storefront located in a strip plaza.  DEB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 44 of the Complaint and, therefore, said allegations are denied.

45.     In response to Paragraph 45 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 45 and, therefore, said allegations are denied.

46.     In response to Paragraph 46 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46 and, therefore, said allegations are denied.

47.     In response to Paragraph 47 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 and, therefore, said allegations are denied.

48.     In response to Paragraph 48 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 and, therefore, said allegations are denied.

49.     In response to Paragraph 49 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49 and, therefore, said allegations are denied.

50.     In response to Paragraph 50 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 50 and, therefore, said allegations are denied.

51.     In response to Paragraph 51 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 51 and, therefore, said allegations are denied.

52.     In response to Paragraph 52 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 52 and, therefore, said allegations are denied.

53.     In response to Paragraph 53 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 53 and, therefore, said allegations are denied.

54.     In response to Paragraph 54 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 54 and, therefore, said allegations are denied.

55.     In response to Paragraph 55 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 and, therefore, said allegations are denied.

56.     In response to Paragraph 56 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 56 and, therefore, said allegations are denied.

57.     In response to Paragraph 57 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 57 and, therefore, said allegations are denied.

58.     In response to Paragraph 58 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58 and, therefore, said allegations are denied.

59.     In response to Paragraph 59 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 59 and, therefore, said allegations are denied.

60.     In response to Paragraph 60 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 60 and, therefore, said allegations are denied.

61.     In response to Paragraph 61 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 61 and, therefore, said allegations are denied.

62.     In response to Paragraph 62 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 62 and, therefore, said allegations are denied.

63.     In response to Paragraph 63 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 63 and, therefore, said allegations are denied.

64.     In response to Paragraph 64 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 64 and, therefore, said allegations are denied.

65.     In response to Paragraph 65 of the Complaint, DEB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 65 and, therefore, said allegations are denied.

66.     In response to Paragraph 66 of the Complaint, DEB denies the Laurel and Vista Properties are subject to forfeiture to the United States.  DEB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 66 of the Complaint and, therefore, said allegations are denied.

## **GENERAL DENIAL**

67.     DEB denies each and every allegation set forth in Plaintiff's Complaint not expressly admitted to herein.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

68.     Plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to the Laurel and Vista Properties.

69.     Plaintiff's Complaint is barred under the doctrines of waiver, estoppel, and/or laches.

70.     Plaintiff's claim is barred as the Court lacks *in rem* jurisdiction over the Laurel and Vista Properties.

71.     Plaintiff's claim with respect to the Laurel and Vista Properties is barred as DEB is an innocent owner as set forth in 18 U.S.C. § 983(d) and, therefore, its interest in the Laurel and Vista Properties cannot be forfeited.

72.     DEB reserves the right to assert additional affirmative defenses that may come to light during the course of discovery in this case.

WHEREFORE, having fully answered Plaintiff's Complaint, DEB respectfully requests that the Court dismiss the Complaint with prejudice, and enter a judgment in DEB's favor, awarding DEB its costs, expenses, plus any further legal or equitable relief that this Court deems just and appropriate.

Respectfully submitted,

*/s/ Walter A. Lucas, Esq.*
Walter A. (Scott) Lucas (0068150)
WESTON HURD LLP
1300 E. 9th Street, Suite 1400
Cleveland, Ohio 44114
Phone:  216-241-6602; Fax:  216-641-8369
E-mail:  WLucas@westonhurd.com

**Counsel for Claimant, David Elliot Builders, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  In addition, the undersigned further certifies that a copy of the foregoing has been served via electronic mail and regular U.S. Mail upon the following:

Henry F. DeBaggis, Assistant U.S. Attorney
Office of the United States Attorney
United States Courthouse
801 W. Superior Ave., Suite 400
Cleveland, Ohio 44113

*/s/ Walter A. Lucas, Esq.*
 Walter A. (Scott) Lucas (0068150)