UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:21CV564 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 100 | ) | ORDER |
| MOUNTAIN VIEW DRIVE, | ) | |
| MORELAND HILLS, OHIO | ) | |
| CUYAHOGA COUNTY PERMANENT | ) | |
| PARCEL NOS. 913-06-001 AND 913-06- | ) | |
| 005, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J;**

This matter is before the Court on Select Homes of Northeast Ohio LTD's Motion to Intervene (ECF # 14) and Plaintiff United States of America's Motion to Stay. (ECF # 19). For the following reasons, the Court denies Select Homes' Motion to Intervene and grants the USA's Motion to Stay.

In its Motion to Intervene, Select Homes of Northeast Ohio Ltd. ("Select") alleges it possesses a mechanic's lien in the amount of $473,582.00 on the Real Property Located at 100 Mountain View Drive, Moreland Hills Ohio. As a result, Select has a claim on the property that is a subject of this civil forfeiture action.

Select moves under Fed. R. Civ. P 24(a)(2) to intervene as a matter of right. Select contends it has an interest that will be impaired if it is not allowed to intervene and no party in the litigation can adequately protect its interest. No party has opposed the Motion.

Although there is no objection to Select's Motion to Intervene, the Court has an independent obligation to ensure Select has standing to intervene. Whether one has standing to pursue its claims is a threshold matter in every federal case. *McGlone v. Bell,* 681 F.3d 718, 728 (6th Cir.2012) citing *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Although Select asserts it has a right to intervene the Court may raise the issue of standing *sua sponte* because it is a prerequisite for subject matter jurisdiction. *Loren v. Blue Cross & Blue Shield of Mich.,* 505 F.3d 598, 607 (6th Cir. 2007).

"For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right." *Town of Chester v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1651 (2017). Although standing is typically the concern of a plaintiff, a third party claimant in a forfeiture action also bears the burden of establishing statutory standing. *U.S. v. $515,060.42 in United States Currency,* 152 F.3d 491, 497 (6th Cir.1998). "This is because an action for civil forfeiture is an in rem proceeding in which the defendant is actually the seized property." *United States v. Three Hundred Eleven Thousand, Five, Hundred Seventy Dollars in U.S. Currency,* No. 3:12 CV 1285, 2013 WL 6162989, at *4 (N.D. Ohio Nov. 22, 2013). "In a civil forfeiture action, a third party who wishes to claim an interest in the res must have constitutional standing and statutory standing." *United States v. Real Property Located at 1308 Selby Lane, Knoxville, Tennessee,* No. 3:10CV423, 2017 WL 4158918, *3 (E.D. Tenn. Sept 19, 2017) citing *United States v. $515,060.42 in U.S. Currency,* 152 F.3d at 497.

"Statutory standing requires a third party to meet Congress' statutory requirements for claiming an interest in the res, namely those in the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions." *Real Property Located at 1308 Selby Lane,* 2017 WL 4158918, *3. Civil forfeitures are governed by 18 U.S.C. 983(a)(4)(A) which reads:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims[.]

"By their very nature as in rem proceedings, civil forfeiture actions are statutorily governed by the Supplemental Rules. Under these rules, a third party must submit a claim to the seized property within thirty-five (35) days of the government's complaint. Supp. Admiralty and Mar. Claim R. G(5). This claim must: (1) identify the specific property claimed; (2) identify the claimant and state the claimant's interest in the property; (3) be signed by the claimant under penalty of perjury; and (4) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b) (ii)(D)." *United States v. $311,570 in U.S. Currency,* No. 3:12 CV 1285, 2013 WL 6162989, at *4 (N.D. Ohio Nov. 22, 2013) citing *Supp. Admiralty and Mar. Claim R.* G(5)(a)(i).

"Under Rule G(5) of the Supplemental Rules, a third party who has an interest in the res must assert that interest by filing a verified claim, without which he cannot attain statutory standing and become a litigant in the forfeiture proceeding in rem." *Real Property Located at 1308 Selby Lane,* 2017 WL 4158918, * 3 citing *United States v. Real Props. & Premises,* 521 Fed.Appx. 379, 384 (6th Cir. 2013) ("[A] claimant must establish statutory standing by complying with Rule G(5)[.]"); *United States v. Real Prop. Located at Mich. Ave.*, 489

Fed.Appx. 855, 858 (6th Cir. 2012) ("[Claimants] lacked statutory standing to bring these claims, because they did not comply with Supplemental Rule G[.]"); *United States v. $22,050.00 U.S. Currency,* 595 F.3d 318, 323 n.5 (6th Cir. 2010) ("[W]e require 'strict compliance' with the supplemental rules as a prerequisite for statutory standing to challenge a forfeiture action." (quotation omitted)); *United States v. 8 Gilcrease Lane,* 641 F. Supp. 2d 1, 5 (D.D.C. 2009) ("A verified claim in a forfeiture action in rem must be filed by the claimant in order for the claimant to acquire 'statutory standing[.]' "

"A verified claim under Rule G(5) remains necessary for statutory standing when a third party asserts an interest in the res as a would-be intervenor." *Real Property Located at 1308 Selby Lane,* 2017 WL 4158918, * 3, citing *Gilcrease Lane,* 641 F. Supp. 2d at 5 ("Congress has required a would-be intervener to establish, by filing a timely verified claim to some or all of the defendant property, that the claimant has an interest in ... the particular defendant property. Compliance with these requirements gives rise to 'statutory standing.' " (citations and footnote omitted)); see also *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) ("[T]he Forfeiture Rules require claimants [to] establish standing to intervene in the in rem action.... by filing a claim in the court where the action is pending.") (quoting *Suppl. R. Admiralty or Mar. Cls. & Asset Forfeiture Actions* G(5)(a)(i)); *United States v. $487,825.00 in U.S. Currency,* 484 F.3d 662, 664 (3d Cir. 2007) (asserting that a would-be intervenor "lack[ed] statutory standing to intervene" because he did not comply with the "most significant requirement ... that the claimant must timely file a verified [claim]" (citation omitted)); *United States v. One-Sixth Share of Lottery Ticket* No. M246233, 326 F.3d 36, 40–41 (1st Cir. 2003) (observing that "[t]he federal forfeiture statute defines rules as to who may intervene and when they must do it" and noting

that a "failure to file [a] timely claim disqualifies [a] would-be intervenor" (citation omitted)); *United States v. One Silicon Valley Bank Account,* No. 1:05-cv-295, 2007 WL 1594484, at *3 (W.D. Mich. June 1, 2007) ("[B]ecause the Proposed Intervenors did not timely file claims ... their motion to intervene will be denied for lack of standing."); *United States v. $38,852.00 in U.S. Currency,* 328 F. Supp. 2d 768, 769 (N.D. Ohio 2004) ("Because the [would-be intervenor] lacks standing ... her Motion for Intervention is denied.").

Select has not complied with the requirements of the Supplemental Rules by filing a timely Verified Claim and therefore, lacks standing to intervene. It did not include a an affidavit or declaration signed by the claimant under penalty of perjury. "Rule G(5)'s requirement of a verified claim is not some mindless technicality but a congressional requirement." *Real Property Located at 1308 Selby Lane,* 2017 WL 4158918, *4 citing 18 U.S.C. § 983(a)(4)(A). Indeed, "[c]ourts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing." *$487,825.00 in U.S. Currency*, 484 F.3d at 665 (citations omitted); see *$22,050.00 U.S. Currency,* 595 F.3d at 323 n.5 (stating that courts in the Sixth Circuit must strictly comply with Rule G).

As a result, its Motion to Intervene must be denied.

**Motion to Stay**

According to Plaintiff USA, this civil forfeiture action should be stayed pending the return of an indictment and resolution of a criminal investigation related to this action. Under 18 U.S.C. § 981, upon motion of the Government, the court may stay a civil forfeiture action if it determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related case.

In support of its Motion, the Government attached the affidavit of Assistant U.S. Attorney Henry DeBaggis who attests that:

The illegal activities described in the Complaint are the subject of a related criminal investigation within this district. (DeBaggis aff. ¶ 3).

A stay of the civil forfeiture action is necessary to protect the Government's criminal investigation from the expansive scope of civil discovery. (Id. at ¶ 4).

Civil discovery in the forfeiture action could compromise confidential law enforcement information including source information and allow claimant's to prematurely and improperly ascertain details of the criminal investigation. (Id. at ¶ 5).

No claimants oppose the Motion. Because the USA has satisfied its burden demonstrating a stay is necessary to protect the related criminal investigation, the Court grants the Government's Motion to Stay. Therefore, the action is stayed and removed from the active docket. The case will be returned to the active docket upon motion by the parties.

IT IS SO ORDERED.

  S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge