UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 1:21CV564 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 100 | ) | |
| MOUNTAIN VIEW DRIVE, | ) | |
| MORELAND HILLS, OHIO, | ) | |
| CUYAHOGA COUNTY | ) | JOINT MOTION FOR |
| PERMANENT PARCEL NOS: | ) | INTERLOCUTORY SALE OF |
| 913-06-001, 913-06-005, et al., | ) | CERTAIN DEFENDANT REAL |
| | ) | PROPERTIES |
| Defendants. | ) | |

The United States of America, by Bridget M. Brennan, Acting United States Attorney for

the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, Eyton Senders,

individually, and as member and authorized representative of Corner Green LLC, N. Laurel

Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC, and 100 Mountain View

LLC, by their attorney, Edmund W. Searby, hereby move that the Court enter an order

authorizing the immediate interlocutory sale of the following Defendant properties (hereinafter,

the Defendant Subject Properties):

    a.  Real Property Located At 100 Mountain View Drive, Moreland Hills, Ohio,
        Cuyahoga County Permanent Parcel Nos: 913-06-001, 913-06-005 (See, Attachment
        1 for property description);

    b.  Real Property Located At 2664 South Green Road, Shaker Heights, Ohio, Cuyahoga
        County Permanent Parcel No. 734-03-026 (See, Attachment 2 for property
        description);

1

c. Real Property Located At 2104 South Green Road, South Euclid, Ohio, Cuyahoga County Parcel No. 703-22-020 (See, Attachment 3 for property description);

d. Real Property Located At 2110 South Green Road, South Euclid, Ohio Cuyahoga County Parcel No. 703-22-019 (See, Attachment 4 for property description);

e. Vacant Residential Lot Located On South Green Road, South Euclid, Ohio, Cuyahoga County Parcel No.  703-22-021 (See, Attachment 5, for property description); and,

f. Real Property Located At 952 N Laurel Avenue, Los Angeles, California, Los Angeles County AIN 5529-023-023 (See, Attachment 6 for property description).

1. On March 10, 2021, the United States filed a complaint alleging that the defendant properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881 because they constitute proceeds from illegal drug trafficking activities, and/or were used or were intended to be used in exchange for illegal controlled substances, and/or were used or intended to be used to facilitate illegal drug trafficking activities in violation of 21 U.S.C. § 841; and/or pursuant to and 18 U.S.C. § 981 because they were involved in a money laundering transaction in violation 18 U.S.C. § 1957, or is property traceable  to such property.

2. On or about March 15, 2021, Notice was delivered by certified mail to Eyton Senders, Corner Green LLC, N. Laurel Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC, and 100 Mountain View LLC through their attorney, Edmund W. Searby. Pursuant to Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules), all other potential claimants were noticed through publication on an official government forfeiture site. On April 9, 2021, Claims were filed by Eyton Senders, Corner Green LLC, N. Laurel Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC, and 100 Mountain View LLC to the Defendant Subject Properties.  On May 11, 2021, David Elliot Builders, Inc. filed a claim on a state court judgment for a

2

mechanic's lien relating to Defendant Real Property Located At 952 N. Laurel Avenue, Los Angeles, California, Los Angeles County AIN 5529-023-023. (R. 16: Verified Claim, PageID 156).

3.      Since the time of the filing of the Complaint in Forfeiture, there have been reports of vagrants, graffiti damage, and weather damage to the Defendant Subject Properties, resulting in the diminishing value of the Defendant Subject Properties.  The United States and Eyton Senders, Corner Green LLC, N. Laurel Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC and 100 Mountain View LLC, submit that an immediate interlocutory sale of the Defendant Subject Properties is in the best interest of all parties.  Should the Court grant this motion, the net proceeds realized from the sale would be substituted for the Defendant Subject Properties. Said "substitute <u>res</u>" would be remitted to the custody and control of the United States Marshal, who would deposit said "substitute <u>res</u>" into the Seized Assets Deposit Fund (an escrow fund maintained by the U.S. Marshals Service) pending a final disposition of this case.

4.      The parties agree the Defendant Subject Properties may be sold in the most commercially feasible manner as determined by the United States Marshals Service for the Northern District of Ohio for the Defendant Subject Properties located in the Northern District of Ohio, and by the United States Marshals Service for the Central District of California for the Defendant Subject Property located at 952 N. Laurel Avenue, Los Angeles, California.

5.      As it relates to the Defendant Subject Property 952 N. Laurel Avenue, Los Angeles, California, the parties agree that Claimant David Elliot Builders, Inc. (DEB) is a judgment creditor with a judgment entered on July 22, 2021, in the Superior Court of California, County of Los Angeles; Case Number 20 STCV 45155, in the amount of $601,978.94 plus interest from July 21, 2021, at $153.61 per diem.  The parties agree that the total judgment

3

amount of $601,978.94 plus interest at $153.61 per diem, plus a $2,000.00 Los Angeles County Sheriff's sales fee paid by DEB and DEB's attorney fees in the amount of $25,635, shall be paid to DEB from the sale proceeds of the U.S. Marshal's sale of the Defendant Property at 952 N. Laurel Avenue, Los Angeles, California.  The $153.61 per diem interest shall be calculated from July 21, 2021, through the day the funds are distributed to DEB by the U.S. Marshal.  As it relates to the above judgment, fees and interest, the parties agree that DEB shall have priority status under paragraph 8c below and the U.S. Marshal shall distribute the above amounts prior to distribution to any other Claimant.  The remaining funds shall be held by the U.S. Marshall and entered as a substitute asset for the subject Defendant Property in the pending civil forfeiture litigation before this Court.

6.      As it relates to the Defendant Subject Property 100 Mountain View Drive, Moreland Hills, Ohio, the parties agree that the payment priority schedule outlined in paragraph 8 below shall apply and under that schedule the U.S. Marshal shall also pay Select Homes of Northeast Ohio, Ltd.'s mechanic's lien in the amount of $473,582.00. The payment of this recorded mechanic's lien amount shall be in full satisfaction of said mechanic's lien filed with the Cuyahoga County Recorder's Office on November 20, 2020, No. 202011200037.

7.      Statutory authority for interlocutory sales is found in Supplemental Rule G(7). Supplemental Rule G(7)(b) authorizes interlocutory sales when property becomes subject to diminishing value:

> (b) Interlocutory Sale or Delivery.
>
> > (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the the property sold if:

(A)  the property is perishable or at risk of
deterioration, decay, or injury by being detained in
custody pending the action;

(B) the expense of keeping the property is excessive
or is disproportionate to its fair market value.

8.      The parties agree that "Net Proceeds" from the sale of each of the Defendant

Properties shall include all money realized from the sale of each property, less the following

payments in the following order:

a.      First, payment of all costs of sale, including real estate sales commission, escrow

fees, document recording fees not paid by the Buyer, title fees, county/city transfer fees, and

other expenses incurred by the USMS in connection with the seizure, custody, and disposition of

each of the Defendant Properties;

b.      Second, payment of any outstanding property taxes to the appropriate government

assessor and tax collector, if any, up to the date of sale of the property; and

c.      Third, payment of any potential or actual Claimants that have entered into a

Stipulation with the United States recognizing their claim, specifically as agreed to above.

9.      In the unlikely event the Net Proceeds are insufficient to pay the above costs,

taxes or claims, in that order, the payment made by the USMS, upon the closing of the

interlocutory sale, shall be limited to the available proceeds and the forfeiture action will be

discontinued because there are no Net Proceeds to forfeit to the United States or return to the

potential claimant.

10.     Any, and all claims to the Properties arising out of an interest held prior to the

interlocutory sale, including those of the Claimants, Eyton Senders, individually, and as member

and authorized representative of Corner Green LLC, N. Laurel Avenue Property Holdings LLC,

ES Global Real Estate Holdings LLC, and 100 Mountain View LLC, any additional claimants or potential claimants, and tax authorities may only be raised in the civil forfeiture proceeding and shall be limited to the Net Proceeds.

11. Under no circumstances may the Claimants, Eyton Senders, individually, and as member and authorized representative of Corner Green LLC, N. Laurel Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC, and 100 Mountain View LLC, any additional claimants or potential claimants, and tax authorities file any document whatsoever in the property records purporting to claim any right, title or interest in the Properties which existed prior to the sale by the USMS to the Buyer, or seek any claim against the title insurance policy issued to the Buyer of the Properties arising out of such interest.

12. This order does not affect the rights, claims, or defenses that have been asserted or raised, or that may be asserted or raised, by any of the parties in this proceeding and nothing in this joint motion shall be asserted or relied upon by any party as an admission of guilt or of any fact for any purpose in the pending civil forfeiture action, any potential criminal action, or any other legal proceeding.

13. The U.S. Marshal is authorized to enter all of the subject real properties for the purpose of securing and preparing the subject real properties for sale.

14. The Court shall retain jurisdiction to enforce the terms of this Order and amend it as necessary.

WHEREFORE, the United States and Eyton Senders, Corner Green LLC, N. Laurel Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC, and 100 Mountain View LLC, move that the Court enter an Order granting their joint motion for interlocutory sales as proposed by the parties.

6

Respectfully submitted,
Bridget M. Brennan
Acting United States Attorney

Date: 11/12/2021          By:   /s/ Henry F. DeBaggis
                                Henry F. DeBaggis (OH: 0007561)
                                Assistant U.S. Attorney
                                United States Court House
                                801 West Superior Avenue, Suite 400
                                Cleveland, Ohio 44113
                                Phone: (216) 622-3769
                                Henry.DeBaggis@usdoj.gov


Date: 11/12/2021               /s/ Edmund W. Searby by email authorization
                                Edmund W. Searby (OH: 0067455)
                                Attorney for Eyton Senders, Corner Green LLC,
                                N. Laurel Avenue Property Holdings LLC, ES
                                Global Real Estate Holdings LLC and 100
                                Mountain View LLC.
                                esearby@searby.law


Dated: 11/12/2021              /s/ Eyton Senders by email authorization
                                Eyton Senders, Individually and as Authorized
                                Representative for Corner Green LLC,
                                N. Laurel Avenue Property Holdings LLC,
                                ES Global Real Estate Holdings LLC and 100
                                Mountain View LLC.

                                Claimants


IT IS SO ORDERED:


Date: _____      _____
                                CHRISTOPHER A. BOYKO
                                UNITED STATES DISTRICT JUDGE


7