UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 1:21CV564 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 100 | ) | |
| MOUNTAIN VIEW DRIVE, | ) | |
| MORELAND HILLS, OHIO, | ) | |
| CUYAHOGA COUNTY | ) | ORDER |
| PERMANENT PARCEL NOS: | ) | |
| 913-06-001, 913-06-005, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America and Eyton Senders, individually, and as member and authorized representative of Corner Green LLC, N. Laurel Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC, and 100 Mountain View LLC have moved the Court (R. 34: Joint Motion, PageID 244) to enter an order authorizing the immediate interlocutory sale of the following Defendant properties (hereinafter, the Defendant Subject Properties (as more fully described in Attachment 1-6)):

    a. Real Property Located At 100 Mountain View Drive, Moreland Hills, Ohio, Cuyahoga County Permanent Parcel Nos: 913-06-001, 913-06-005;

    b. Real Property Located At 2664 South Green Road, Shaker Heights, Ohio, Cuyahoga County Permanent Parcel No. 734-03-026;

    c. Real Property Located At 2104 South Green Road, South Euclid, Ohio, Cuyahoga County Parcel No. 703-22-020;

1

    d.   Real Property Located At 2110 South Green Road, South Euclid, Ohio Cuyahoga County Parcel No. 703-22-019;

    e.   Vacant Residential Lot Located On South Green Road, South Euclid, Ohio, Cuyahoga County Parcel No. 703-22-021; and

    f.   Real Property Located At 952 N Laurel Avenue, Los Angeles, California, Los Angeles County AIN 5529-023-023.

1.    The Court grants the Joint Motion and orders that the net proceeds realized from the sale of the above properties shall be substituted for the Defendant Subject Properties. The "substitute res" shall be remitted to the custody and control of the United States Marshal, who shall deposit said "substitute res" into the Seized Assets Deposit Fund (escrow fund maintained by the U.S. Marshals Service) pending a final disposition of this case.

2.    The Defendant Subject Properties shall be sold in the most commercially feasible manner as determined by the United States Marshals Service for the Northern District of Ohio for the Defendant Subject Properties located in the Northern District of Ohio, and by the United States Marshals Service for the Central District of California for the Defendant Subject Property located at 952 N. Laurel Avenue, Los Angeles, California.

3.    As it relates to the Defendant Subject Property 952 N. Laurel Avenue, Los Angeles, California, the Court finds that Claimant David Elliot Builders, Inc. (DEB) is a judgment creditor with a judgment entered on July 22, 2021, in the Superior Court of California, County of Los Angeles; Case Number 20 STCV 45155, in the amount of $601,978.94 plus interest from July 21, 2021, at $153.61 per diem.  The Court orders that the total judgment amount of $601,978.94 plus interest at $153.61 per diem, plus a $2,000.00 Los Angeles County Sheriff's sales fee paid by DEB and DEB's attorney fees in the amount of $25,635, shall be paid to DEB from the sale proceeds of the U.S. Marshal's sale of the Defendant Property at 952 N.

Laurel Avenue, Los Angeles, California. The $153.61 per diem interest shall be calculated from July 21, 2021, through the day the funds are distributed to DEB by the U.S. Marshal. As it relates to the above judgment, fees and interest, the Court orders that DEB shall have priority status under paragraph 6c below and the U.S. Marshal shall distribute the above amounts prior to distribution to any other Claimant. The remaining funds shall be held by the U.S. Marshal and entered as a substitute asset for the subject Defendant Property in the pending civil forfeiture litigation before this Court.

    4.    As it relates to the Defendant Subject Property 100 Mountain View Drive, Moreland Hills, Ohio, the Court orders that the payment priority schedule outlined in paragraph 6 below shall apply and under that schedule the U.S. Marshal shall also pay Select Homes of Northeast Ohio, Ltd.'s mechanic's lien in the amount of $473,582.00. The payment of this recorded mechanic's lien amount shall be in full satisfaction of said mechanic's lien filed with the Cuyahoga County Recorder's Office on November 20, 2020, No. 202011200037.

    5.    Statutory authority for interlocutory sales is found in Supplemental Rule G(7). Supplemental Rule G(7)(b) authorizes interlocutory sales when property becomes subject to diminishing value:

> (b) Interlocutory Sale or Delivery.
>
>> (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
>>
>>> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
>>>
>>> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value.

6. The "Net Proceeds" from the sale of each of the Defendant Properties shall include all money realized from the sale of each property, less the following payments in the following order:

a. First, payment of all costs of sale, including real estate sales commission, escrow fees, document recording fees not paid by the Buyer, title fees, county/city transfer fees and other expenses incurred by the USMS in connection with the seizure, custody, and disposition of each of the Defendant Properties;

b. Second, payment of any outstanding property taxes to the appropriate government assessor and tax collector, if any, up to the date of sale of the property; and

c. Third, payment of any potential or actual Claimants that have entered into a Stipulation with the United States recognizing their claim, specifically as agreed to above.

7. In the unlikely event the Net Proceeds are insufficient to pay the above costs, taxes or claims, in that order, the payment made by the USMS, upon the closing of the interlocutory sale, shall be limited to the available proceeds and the forfeiture action will be discontinued because there are no Net Proceeds to forfeit to the United States or return to the potential claimant.

8. Any and all claims to the Properties arising out of an interest held prior to the interlocutory sale, including those of the Claimants, Eyton Senders, individually, and as member and authorized representative of Corner Green LLC, N. Laurel Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC, and 100 Mountain View LLC, any additional claimants or potential claimants, and tax authorities may only be raised in the civil forfeiture proceeding and shall be limited to the Net Proceeds.

9.      Under no circumstances may the Claimants, Eyton Senders, individually, and as member and authorized representative of Corner Green LLC, N. Laurel Avenue Property Holdings LLC, ES Global Real Estate Holdings LLC, and 100 Mountain View LLC, any additional claimants or potential claimants, and tax authorities file any document whatsoever in the property records purporting to claim any right, title or interest in the Properties which existed prior to the sale by the USMS to the Buyer, or seek any claim against the title insurance policy issued to the Buyer of the Properties arising out of such interest.

10.     This order does not affect the rights, claims, or defenses that have been asserted or raised, or that may be asserted or raised, by any of the parties in this proceeding and nothing in this joint motion shall be asserted or relied upon by any party as an admission of guilt or of any fact for any purpose in the pending civil forfeiture action, any potential criminal action, or any other legal proceeding.

11.     The U.S. Marshal is authorized to enter all of the subject real properties for the purpose of securing and preparing the subject real properties for sale under the terms of the attached Stipulation and Power of Attorney.

12.     The Court shall retain jurisdiction to enforce the terms of this Order and amend it as necessary.

IT IS SO ORDERED.


Date: 11/18/21                                          /s/ Christopher A. Boyko
                                                        CHRISTOPHER A. BOYKO
                                                        SENIOR UNITED STATES DISTRICT JUDGE