UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 1:21CV564 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 100 | ) | |
| MOUNTAIN VIEW DRIVE, | ) | JOINT MOTION FOR |
| MORELAND HILLS, OHIO, *etc., et al.,* | ) | INTERLOCUTORY SALE OF |
| | ) | CERTAIN DEFENDANT REAL |
| Defendants. | ) | <u>PROPERTY</u> |

The United States of America, by Bridget M. Brennan, United States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and Justen Balay, by his attorney, Victor Sherman, hereby move the Court to enter an order authorizing the immediate interlocutory sale of the following Defendant property (hereinafter, the Defendant Subject Property):

a. REAL PROPERTY LOCATED AT 806 N VISTA STREET, LOS ANGELES, CALIFORNIA, LOS ANGELES COUNTY ASSESSOR AIN 5526-005-024.

And further described as follows:

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

Lot 133 of Tract 5665, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 69 Page 97 of Maps, in the Office of the County Recorder of said County.

1

1.      On March 10, 2021, the United States filed a complaint alleging that the defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881 because it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or intended to be used to facilitate illegal drug trafficking activities in violation of 21 U.S.C. § 841; and/or pursuant to and 18 U.S.C. § 981 because it was involved in a money laundering transaction in violation 18 U.S.C. § 1957, or is property traceable to such property.

2.      Thereafter, notice was delivered by certified mail to Justen Balay and his attorney Victor Sherman. Pursuant to Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules), all other potential claimants were noticed through publication on an official government forfeiture site. On May 5, 2021, a Claim was filed by Justen Balay for the Defendant Subject Property. (R. 13: Verified Claim, PageID 125). On May 11, 2021, a Verified Claim was made against the Defendant Subject Property by David Elliot Builders, Inc. (DEB) by virtue of a mechanic's lien. (R. 16: Verified Claim, PageID 156).

3.      Given the commitments necessary to maintain the Defendant Subject Property, the United States and Justen Balay respectfully submit that an immediate interlocutory sale of the Defendant Subject Property is in the best interest of the parties. Should the Court grant this motion, the net proceeds realized from the sale would be substituted for the Defendant Subject Property. Said "substitute <u>res</u>" would be remitted to the custody and control of the United States Marshal, who would deposit said "substitute <u>res</u>" into the Seized Assets Deposit Fund (an escrow fund maintained by the U.S. Marshals Service) pending final disposition of this case.

4.      The parties agree the Defendant Subject Property may be sold in the most commercially feasible manner as determined by the United States Marshals Service for the Central District of California.

5.      As it relates to the Defendant Subject Property, the parties agree that Claimant David Elliot Builders, Inc. (DEB) is a judgment creditor with a judgment entered on May 26, 2021, in the Superior Court of California, County of Los Angeles; Case Number 20 STCV 44968, in the amount of $67,554.55, plus interest from May 21, 2021, at $17.20 per diem.  The parties agree that the total judgment amount of $67,554.55, plus interest at $17.20 per diem, plus $2,000 Los Angeles County Sheriff's sales fee paid by DEB and DEB's attorney fees in the amount of $8,817.25, shall be paid to DEB from the sale proceeds of the U.S. Marshal's sale of the Defendant Subject Property at 806-808 N. Vista Street, Los Angeles, California.  The $17.20 per diem interest shall be calculated from May 21, 2021, through the day the funds are distributed to DEB by the U.S. Marshal.  As it relates to the above judgment, fees and interest, the parties agree that DEB shall have priority status under paragraph 7c below and the U.S. Marshal shall distribute the above amounts prior to distribution to any other Claimant.  The remaining funds shall be held by the U.S. Marshall and entered as a substitute asset for the subject Defendant Subject Property in the pending civil forfeiture litigation before this Court.

6.      Statutory authority for interlocutory sales is found in Supplemental Rule G(7). Supplemental Rule G(7)(b) authorizes interlocutory sales when property becomes subject to diminishing value:

> (b) Interlocutory Sale or Delivery.
>     (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the the property sold if:

      (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
      (B) the expense of keeping the property is excessive or is disproportionate to its fair market value.

  7.  The parties agree that "Net Proceeds" from the sale of each of the Defendant Property shall include all money realized from the sale of each property, less the following payments in the following order:

    a.  First, payment of all costs of sale, including real estate sales commission, escrow fees, document recording fees not paid by the Buyer, title fees, county/city transfer fees, and other expenses incurred by the USMS in connection with the seizure, custody, and disposition of the Defendant Subject Property;

    b.  Second, payment of any outstanding property taxes to the appropriate government assessor and tax collector, if any, up to the date of sale of the property; and

    c.  Third, payment of any potential or actual Claimants that have entered into a Stipulation with the United States recognizing their claim, specifically as agreed to above.

  8.  In the unlikely event the Net Proceeds are insufficient to pay the above costs, taxes or claims, in that order, the payment made by the USMS, upon the closing of the interlocutory sale, shall be limited to the available proceeds and the forfeiture action will be discontinued because there are no Net Proceeds to forfeit to the United States or return to the potential claimant.

  9.  Any, and all claims to the Property arising out of an interest held prior to the interlocutory sale, including those of the Claimant Justen Balay, any additional claimants or potential claimants, and tax authorities may only be raised in the civil forfeiture proceeding and shall be limited to the Net Proceeds.

10. Under no circumstances may the Claimant Justen Balay, any additional claimants or potential claimants, and tax authorities file any document whatsoever in the property records purporting to claim any right, title or interest in the Property which existed prior to the sale by the USMS to the Buyer, or seek any claim against the title insurance policy issued to the Buyer of the Properties arising out of such interest.

11. This joint motion does not affect the rights, claims, or defenses that have been asserted or raised, or that may be asserted or raised, by any of the parties in this proceeding and nothing in this joint motion shall be asserted or relied upon by any party as an admission of guilt or of any fact for any purpose in the pending civil forfeiture action, any potential criminal action, or any other legal proceeding.

12. The U.S. Marshal is authorized to enter the Defendant Subject Property for the purpose of securing and preparing the Defendant Subject Property for sale.

13. The Court shall retain jurisdiction to enforce the terms of this Order and amend it as necessary. The parties request the issuance of the attached proposed Order.

WHEREFORE, the United States and Justen Balay, move that the Court enter an Order granting their joint motion for interlocutory sale as proposed by the parties.

                Respectfully submitted,
                Bridget M. Brennan
                United States Attorney

Date: 12/7/2021      By:    /s/ Henry F. DeBaggis
                Henry F. DeBaggis (OH: 0007561)
                Assistant U.S. Attorney
                United States Court House
                801 West Superior Avenue, Suite 400
                Cleveland, Ohio 44113
                Phone: (216) 622-3769
                Henry.DeBaggis@usdoj.gov

Date: 12/7/2021    */s/ Victor Sherman by email authorization*
Victor Sherman (CA: 38483)
Attorney for Justen Balay
victor@victorsherman.law

Dated: 12/7/2021    */s/ Justen Balay by email authorization*
Justen Balay

Claimant