UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 1:21CV564 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 100 | ) | |
| MOUNTAIN VIEW DRIVE, | ) | |
| MORELAND HILLS, OHIO, | ) | |
| CUYAHOGA COUNTY | ) | ORDER |
| PERMANENT PARCEL NOS: | ) | |
| 913-06-001, 913-06-005, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America and Claimant Justen Balay, have jointly moved the Court to enter an order authorizing the immediate interlocutory sale of the following Defendant property (hereinafter, the Defendant Subject Property):

a. REAL PROPERTY LOCATED AT 806-808 N VISTA STREET, LOS ANGELES, CALIFORNIA, LOS ANGELES COUNTY ASSESSOR AIN 5526-005-024.

And further described as follows:

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

Lot 133 of Tract 5665, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 69 Page 97 of Maps, in the Office of the County Recorder of said County.

1. The Court grants the Joint Motion and orders that the net proceeds realized from the sale of the above properties shall be substituted for the Defendant Subject Property. The "substitute res" shall be remitted to the custody and control of the United States Marshal, who

shall deposit said "substitute <u>res</u>" into the Seized Assets Deposit Fund (escrow fund maintained by the U.S. Marshals Service) pending a final disposition of this case.

2. The Defendant Subject Property shall be sold in the most commercially feasible manner as determined by the United States Marshal Service for the Central District of California.

3. As it relates to the Defendant Subject Property, the Court finds that Claimant David Elliot Builders, Inc. (DEB) is a judgment creditor with a judgment entered on May 26, 2021, in the Superior Court of California, County of Los Angeles; Case Number 20 STCV 44968, in the amount of $67,554.55, plus interest from May 21, 2021, at $17.20 per diem. The Court orders that the total judgment amount of $67,554.55, plus interest at $17.20 per diem, plus $2,000 Los Angeles County Sheriff's sales fee paid by DEB and DEB's attorney fees in the amount of $8,817.25, shall be paid to DEB from the sale proceeds of the U.S. Marshal's sale of the Defendant Subject Property at 806-808 N. Vista Street, Los Angeles, California. The $17.20 per diem interest shall be calculated from May 21, 2021, through the day the funds are distributed to DEB by the U.S. Marshal. As it relates to the above judgment, fees and interest, the Court orders that DEB shall have priority status under paragraph 5c below and the U.S. Marshal shall distribute the above amounts prior to distribution to any other Claimant. The remaining funds shall be held by the U.S. Marshall and entered as a substitute asset for the subject Defendant Subject Property in the pending civil forfeiture litigation before this Court.

4. Statutory authority for interlocutory sales is found in Supplemental Rule G(7). Supplemental Rule G(7)(b) authorizes interlocutory sales when property becomes subject to diminishing value:

> (b) Interlocutory Sale or Delivery.
> (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the the property sold if:

>(A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
>(B) the expense of keeping the property is excessive or is disproportionate to its fair market value.

5. The "Net Proceeds" from the sale of the Defendant Property shall include all money realized from the sale of the Defendant Property, less the following payments in the following order:

   a. First, payment of all costs of sale, including real estate sales commission, escrow fees, document recording fees not paid by the Buyer, title fees, county/city transfer fees, and other expenses incurred by the USMS in connection with the seizure, custody, and disposition of the Defendant Property;

   b. Second, payment of any outstanding property taxes to the appropriate government assessor and tax collector, if any, up to the date of sale of the property; and

   c. Third, payment of any potential or actual Claimants that have entered into a Stipulation with the United States recognizing their claim, specifically as agreed to above.

6. In the unlikely event the Net Proceeds are insufficient to pay the above costs, taxes or claims, in that order, the payment made by the USMS, upon the closing of the interlocutory sale, shall be limited to the available proceeds and the forfeiture action will be discontinued because there are no Net Proceeds to forfeit to the United States or return to the potential claimant.

7. Any, and all claims to the Property arising out of an interest held prior to the interlocutory sale, including those of the Claimant Justen Balay, any additional claimants or potential claimants, and tax authorities may only be raised in the civil forfeiture proceeding and shall be limited to the Net Proceeds.

8. Under no circumstances may the Claimant Justen Balay, any additional claimants or potential claimants, and tax authorities file any document whatsoever in the property records purporting to claim any right, title or interest in the Property which existed prior to the sale by the USMS to the Buyer, or seek any claim against the title insurance policy issued to the Buyer of the Properties arising out of such interest.

9. This order does not affect the rights, claims, or defenses that have been asserted or raised, or that may be asserted or raised, by any of the parties in this proceeding and nothing in this joint motion shall be asserted or relied upon by any party as an admission of guilt or of any fact for any purpose in the pending civil forfeiture action, any potential criminal action, or any other legal proceeding.

10. The U.S. Marshal is authorized to enter the Defendant Subject Property for the purpose of securing and preparing the Defendant Subject Property for sale.

11. The Court shall retain jurisdiction to enforce the terms of this Order and amend it as necessary.

IT IS SO ORDERED.

Date: 12/09/21

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
SENIOR UNITED STATES DISTRICT JUDGE